**Robert R. BRYANT,
Appellant (Plaintiff),**

v.

**PACIFIC POWER AND LIGHT,
Appellee (Defendant).**

No. 84–286.

Supreme Court of Wyoming.

July 11, 1985.

Robert C. Wilson, Douglas, for appellant.

Patrick J. Murphy and Stuart R. Day, of Williams, Porter, Day & Neville, P.C., Casper, for appellee.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

ROONEY, Justice.

This appeal is from a summary judgment against appellant in an action premised on his unlawful discharge from employment by appellee. Appellant was a member of the Utility Worker's Union of America, Local No. 127, A.F.L.–C.I.O. (hereinafter referred to as "Union"), and the terms of his employment by appellee were contained in a working agreement between appellee and Union. The summary judgment was based on the failure of appellant to utilize the grievance-arbitration provisions of such agreement.

We affirm.

Appellant entered the employment of appellee in May 1974. He had a work-related injury to his back in December 1976. Between that date and January 8, 1981, he was off work for back surgery on two occasions. On January 8, 1981, he again left work to obtain treatment for his back. On January 26, 1981, the company doctor would not allow him to return to his regular position and directed that he could work only in a position which did not require lifting. Appellant was then on long-term disability until November 17, 1983 when he was offered a tool-room attendant's position. When he refused, he was discharged. During the time he was not working, he received worker's compensation and long-term disability benefits which were supplemented by appellee to 90% of his regular pay—pursuant to the agreement between appellee and the Union.

The agreement provides in pertinent part:

"6.4 Any Employee alleging that he has been unjustly discharged, suspended, or demoted shall file with the Company a written grievance, on the approved grievance forms within ten (10) working days after such discharge, suspension or demotion.

\*    \*    \*    \*    \*    \*

"An Employee shall be deemed to have waived his right to settlement of such an alleged grievance if he fails to file a written grievance within the ten (10) days time limit stipulated herein."

The fact that appellant did not file a grievance, or attempt to do so, is not contested. Appellant argued in the district court that the ten-day period was unreasonably short. He does not present that argument to us, but contends on appeal that the Union failed to properly represent him by not timely filing the grievance or by not instructing him to do so. Appellee urges us to dispose of the matter on the basis that this change of theory by appellant on appeal violates our precedent in refusing to consider issues not raised in the trial court. *Bragg v. Marion*, Wyo., 663 P.2d 505 (1983); *North American Uranium v. Johnston*, 77 Wyo. 332, 316 P.2d 325 (1957).

However, we note that although the memorandum submitted by appellant to the district court does not address the issue

presented on appeal, appellant's affidavit in opposition to the motion for summary judgment does allege "[t]hat the union president or union representatives never advised the plaintiff of it's [sic] grievance procedures," and the trial court stated in its Order Granting Summary Judgment that the affidavit was considered:

"* * * the Court having considered the pleadings and *materials in support of, and in opposition to,* the defendant's aforesaid motion, and the Court also considering counsels' memoranda and oral argument, * * *." (Emphasis added.)[1]

It cannot be said from the record that the trial court did not consider the issue now before us.

Appellant does not contend that he was not bound by the working agreement between appellee and the Union. He does not deny that he failed to file a grievance and that he did not attempt to do so. He accepts the proposition that normally access to the courts is barred to one who fails to exhaust mandatory grievance procedures in a collective-bargaining agreement. *Bowen v. United States Postal Service,* 459 U.S. 212, 103 S.Ct. 588, 74 L.Ed.2d 402 (1983); *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *Republic Steel Corporation v. Maddox,* 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965). And he recognizes that arbitration is favored as a method of voluntary settlement of disputes. *Matter of Town of Greybull,* Wyo., 560 P.2d 1172, 1175 (1977).

Rather, he blames the Union for not filing the grievance or for not causing him to do so. He quotes extensively from *Gilstrap v. Mitchell Bros. Truck Lines,* 270 Or. 599, 529 P.2d 370 (1974), cert. denied 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975), to contend that a breach of contract action by an employee is not barred on the basis that a grievance-arbitration procedure in a union-employer working agreement was not followed in those instances in which the union did not fairly represent the employee by not sincerely processing the grievance.

Appellee, in return, does not take exception to the law referred to by appellant, but points out that the facts of this case do not fall within that to which such law applies. Appellee notes that the court recognized in *Gilstrap v. Mitchell Bros. Truck Lines,* supra, that the employee must *attempt* to exhaust the contractual remedies before resorting to court action and that the employee in that case had requested union help which was refused.

There is nothing in the record to reflect that appellant asked the Union for assistance in processing the grievance. In fact, there is nothing in the record to reflect that appellant told the Union that he desired to file a grievance. The working agreement provided that the "Employee * * * shall file with the Company a written grievance." Appellant did not do so. Some collective-bargaining agreements require the union to file the grievance when an employee advises that he wishes to contest disciplinary action by the employer. *Vaca v. Sipes,* supra. In such case, a failure of the union to fairly act for the employee may make it unnecessary to exhaust the contract remedies before taking court action. Such is not the case here.

There was nothing before the district court to indicate that the Union did not fairly represent appellant in connection with the grievance. The statement that "the union president or union representatives never advised the plaintiff of it's [sic] grievance procedures" falls far short of that necessary to reflect lack of fair representation. Appellant is taken to know the provisions of the working agreement. If he had questions concerning any of the provisions, he should have inquired. The agreement designates holidays, vacation times and amounts, transfer policy, working rules, etc. Employees are generally aware of the various items contained in a collective-bargaining agreement. If a special problem arises, inquiry is usually made

---

1. The oral arguments are not part of the record on appeal.

concerning it. There is nothing in the record to reflect an inquiry, directed to either the appellee or the Union by appellant, concerning a grievance, let alone a failure to respond to such inquiry.

The material before the district court was not contradicted. Appellant failed to pursue the grievance-arbitration remedies available to him at the time of termination; he did not attempt to do so; he did not request assistance from the Union; the Union did not have knowledge of his desire to process a grievance; and the Union did not fail to fairly represent him in any manner. The summary judgment was proper.

Affirmed.